IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH PERKINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-526-SMY-PMF |
| ) | |
| ILLINOIS STATE POLICE, ) | |
| JOHN SCHUSTER, in his Individual and ) | |
| Official Capacity, and ) | |
| U.S. BANK, an Out-of-State Corporation ) | |
| doing Business in the State of Illinois, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss filed by Defendants Illinois State Police ("ISP") and John Schuster (Doc. 54) which was filed on May 17, 2016. Plaintiff failed to file a response. For the foregoing reasons, Defendants' motion is **GRANTED**.

Plaintiff was the target of an ISP investigation. She filed suit against Defendants ISP and Schuster alleging violations of her Fourth, Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Count 1), state law claims for fraud and conversion (Count 2) and state law claims for false imprisonment, unlawful restraint and false arrest (Count 3). On April 5, 2016, this Court dismissed Plaintiff's claims against the Defendants and granted her leave up to and including May 6, 2016 to amend her Complaint in order to re-plead the claims that were dismissed without prejudice (*See* Doc. 50).

Plaintiff filed her Second Amended Complaint asserting the same allegations against Defendants ISP and Schuster in their official capacities that were previously dismissed (Doc. 52). She also alleged that Defendant Schuster individually violated her rights under the Fourth,

1

Fifth and Fourteenth Amendments.  In their motion, ISP and Schuster argue that the Second Amended Complaint should be dismissed because Plaintiff asserts the same claims previously barred by this Court's April 5, 2016, Order and that her allegations relevant to the Fifth and Fourteenth Amendments fail to state a claim.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion.  *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").  Here, having fully considered Defendants' arguments, the Court deems Plaintiff's failure to respond as an admission of the merits of the motion and grants Defendants' Motion to Dismiss (Doc. 54).  Accordingly, the claims against Defendants Illinois State Police and John Schuster are **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

    **DATED:  July 11, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**