IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH PERKINSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-526-SMY-RJD |
| | ) |
| ILLINOIS STATE POLICE, | ) |
| JOHN SCHUSTER, in his Individual and | ) |
| Official Capacity, and | ) |
| U.S. BANK, an Out-of-State Corporation | ) |
| doing Business in the State of Illinois, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff Deborah Perkinson's Amended Motion for Leave to File a Fourth Amended Complaint (Doc. 91), Defendant John Schuster's Motion to Dismiss (Doc. 84), and Defendant U.S. Bank's Motion to Dismiss (Doc. 81). For the following reasons, Plaintiff's motion is **DENIED** and Defendants' motions are **GRANTED**.

### Background and Procedural History

In March 2013, law enforcement officers investigated possible prostitution activity at a business during which officers executed a search warrant for the premises and seized documents. In April 2013, Officer Joseph Beliveau submitted a complaint for a warrant to search Plaintiff's home and for a warrant to seize her bank accounts. A state court judge issued the requested warrants. On May 13, 2013, Plaintiff learned that her bank accounts had been frozen pursuant to the seizure warrant. When her property had not been returned or unfrozen by December 9, 2013, Plaintiff filed a claim for replevin against the Illinois State Police and Beliveau in state court. The action was dismissed without prejudice on May 13, 2014.

In the meantime, on May 9, 2014, Plaintiff was arrested and charged with conspiracy to commit money laundering and conspiracy to keep a place of prostitution. On January 14, 2015, while those charges were pending, Officer John Schuster presented a local U.S. Bank branch bank with a seizure warrant and requested that U.S. Bank freeze Plaintiff's accounts and produce Plaintiff's banking records. U.S. Bank disclosed Plaintiff's bank account information to Officer Schuster and froze the accounts. On January 21, 2015, the State of Illinois dismissed the charges against Plaintiff. The following day, Plaintiff learned from U.S. Bank that her bank accounts had been frozen for a second time, using the May 13, 2013 seizure warrant. The accounts remained frozen for seven days before the bank independently came to the conclusion that the warrant was not legally justifiable and released Plaintiff's accounts.

Plaintiff filed this action on May 11, 2015 against Defendants Illinois State Police ("ISP"), Officer John Schuster and Officer Joseph Beliveau asserting claims for civil rights violations, assault and battery, false imprisonment, unlawful restraint, fraud and conversion (Doc. 4). Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim (Doc. 16). After receiving two extensions to respond to the motion (Docs. 23, 27), Plaintiff moved to amend her Complaint instead (Doc. 30).

On October 26, 2015, Plaintiff filed her First Amended Complaint (Doc. 33). Defendants again moved to dismiss the First Amended Complaint for failure to state a claim (Doc. 38). After receiving two extensions of time to respond, Plaintiff filed her response to the motion on February 1, 2016 – five days late (Doc. 45). This Court granted Defendants' motion to dismiss on April 5, 2016 (Doc. 50). However, Plaintiff was granted 30 days to amend her complaint.

After requesting and receiving an extension, Plaintiff filed her Second Amended Complaint on May 12, 2016 (Doc. 52). In the Second Amended Complaint, Plaintiff asserted claims against Defendants ISP and Schuster for violations of her rights under the Fifth and Fourteenth Amendments (Doc. 52). Plaintiff also added Defendant U.S. Bank as a party asserting that the Bank was negligent

2

in freezing her accounts and disclosing financial information to Defendants ISP and Schuster (*Id.*). Defendants ISP and Schuster once again moved to dismiss Plaintiff's complaint for failure to state a claim (Doc. 54). Plaintiff failed to respond to the motion and on July 11, 2016, the motion was granted (Doc. 64).

On July 22, 2016, Defendant U.S. Bank moved to dismiss Plaintiff's negligence claim (Doc. 66). On August 11, 2016, Plaintiff moved for leave to file a third amended complaint (Doc. 69). Defendants opposed the motion (Docs. 71, 72). Plaintiff withdrew the motion, but then filed a second motion for leave to file a third amended complaint on August 25, 2016 (Doc. 75). On October 5, 2016, Magistrate Judge Daly granted Plaintiff's motion for leave to file a third amended complaint, noting that Plaintiff's motion "pushed the limits of undue delay" (Doc. 78).

Plaintiff filed her Third Amended Complaint on October 13, 2016 (Doc. 80). In the Third Amended Complaint, Plaintiff alleges that Defendant Schuster violated her rights under the Fourth and Fifth Amendments. She maintains the negligence count against U.S. Bank, while adding claims for breach of contract and violations of the Illinois Consumer Financial Records Act. U.S. Bank moved to dismiss Plaintiff's claims (Doc. 82) and Defendant Schuster moved to dismiss Plaintiff's Fifth Amendment claim (Doc. 85). Plaintiff sought and was granted an extension until December 15, 2016, in which to file responses to Defendants' motions (*see* Docs. 86, 87).

Plaintiff has not responded to Defendants' most recent motions to dismiss. Instead, on December 15, 2016, Plaintiff moved for leave to file a fourth amended complaint (Doc. 89) and filed an amended motion for leave to file a fourth amended complaint the following day (Doc. 91). Defendant Schuster filed a response to the motion for leave (Doc. 92).

## Motion for Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend her complaint as a matter of course in response to a motion to dismiss, but any subsequent amendments can only be made with consent of the opposing party or the court's leave. Where, as in this case, a

plaintiff has had multiple opportunities to plead her claims, the Seventh Circuit has repeatedly affirmed dismissals with prejudice and denials of leave to amend. *See, e.g., Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347-48 (7th Cir. 2012) (affirming dismissal with prejudice where plaintiffs had two opportunities to replead, including an opportunity after a motion to dismiss had been fully briefed, and where plaintiffs had in fact taken advantage of that opportunity to replead); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666-668 (7th Cir. 2007)) (affirming denial of leave to file Fourth Amended Complaint where plaintiff repeatedly failed to remedy the same deficiency and where the numerous complaints had caused substantial delay and prejudice to defendants); *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) ("[W]hile it is possible that the deficiencies of the complaint could be cured by further pleading, the plaintiff has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance.").

There is no absolute right to amend.  Here, given the procedural posture of this case – spanning four complaints and four rounds of motion to dismiss briefing – the interests of justice do not require that this Court grant Plaintiff's fourth request for leave to amend.  To the contrary, fairness and justice dictate that the defendants be spared yet another round of briefs, delay, and additional attorneys' fees and costs necessary to respond to what would be the fifth (and substantively similar) version of her Plaintiff's complaint.

The proposed amended complaint contains the exact same allegations against Defendant Schuster in Counts I and II.  Plaintiff merely seeks to convert her Fifth Amendment Due Process claim to a Fourteenth Amendment Due Process claim.  However, the proposed changes to the Complaint would not cure the deficiencies with Plaintiff's claim against Defendant Schuster.  In determining what process satisfies due process, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.  *See Leavell v. Ill. Dept. of Natural Res.,* 600 F.3d 798, 804 (7th Cir. 2010).  Where

the deprivation is pursuant to an established state procedure, "the state can predict when it will occur and is in the position to provide a pre-deprivation hearing." *Leavell,* 600 F.3d at 805. Where the deprivation is random and unauthorized – as alleged by Plaintiff in her proposed Fourth Amended Complaint – a post-deprivation hearing or a common-law tort remedy for wrongful deprivation satisfies procedural due process requirements. *Zinermon v. Burch*, 494 U.S. 113, 128, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). In such cases, the plaintiff must avail herself of state post-deprivation remedies, including common-law judicial remedies. *Leavell,* 600 F.3d at 805 (quoting *Doherty v. City of Chicago,* 75 F.3d 318, 323 (7th Cir. 1996). Here, Plaintiff does not allege that she pursued any judicial remedies, thus she would not be able to maintain a claim for violations of her due process rights. Accordingly, permitting Plaintiff to amend her complaint against Defendant Schuster would be futile.

Likewise, allowing Plaintiff to amend her complaint against Defendant U.S. Bank would be pointless. Plaintiff's proposed Fourth Amended Complaint removes the claims against U.S. Bank for violations of the Illinois Consumer Financial Records Act ("CFRA") and common law negligence; leaving only a breach of contract claim. However, the breach of contract claim set forth in the proposed Fourth Amended Complaint is almost identical to the claim in the Third Amended Complaint. Specifically, Plaintiff alleges that she entered into a Deposit Account Agreement with U.S. Bank, that U.S. Bank failed to investigate the purported valid search warrant and that Plaintiff suffered damages when her accounts were frozen. Defendant U.S. Bank has moved to dismiss Plaintiff's claims in their entirety for failure to state a claim. Although Plaintiff proposes to abandon two of her claims against U.S. Bank, the Court finds that allowing Plaintiff leave to amend her complaint would still be futile given the merits of U.S. Bank's motion to dismiss (to which Plaintiff failed to respond). Accordingly, Plaintiff's motion for leave to file a fourth amended complaint is denied.

**Motions to Dismiss**

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results."). In this case, the Court deems Plaintiff's failure to file a response to Defendants' motions (Docs. 81 and 84) as an admission of the merits of the motions.

Defendant Schuster asserts that Plaintiff's Fifth Amendment claim fails to state a claim because the Fifth Amendment due process clause does not apply to the states or state actors. The Court agrees. It is well-established that the Fifth Amendment's due-process right is not incorporated against the states because the Fourteenth Amendment has its own Due Process Clause. *See Dusenbery v. United States,* 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."). Thus, Count II of Plaintiff's Third Amended Complaint must be dismissed for failure to state a claim.

Defendant U.S. Bank moved to dismiss Plaintiff's Third Amended Complaint asserting that: (1) the CFRA permits banks to disclose customer financial information to authorities in response to a seizure warrant and, therefore, does not create a private right of action; (2) the Illinois economic loss doctrine bars Plaintiff's negligence claims based on conduct governed by contract; and (3) the unambiguous terms of the Agreement allowed it to act based on the apparent validity of warrant.

The CFRA sets forth the requirements for banks in maintaining the confidentiality of their customers' financial records. *See* 205 ILCS 5/48.1. However, the CFRA does not create a private right to damages. *See CSY Liquidating Corp. v. Harris Trust and Sav. Bank*, 162 F.3d 929, 931 (7th

Cir. 1998) (conspiracy claim based on violation of CFRA would not be proper as it could "interfere with a carefully calibrated system of remedies or upset a legislative compromise" that did not create a private right of action); *Stern v. Great W. Bank*, 959 F.Supp. 478, 484-485 (N.D. Ill. 1997) (holding that the CFRA did not imply a private right of action); *Jacobson v. Johnson*, 798 F.Supp. 500 (C.D. Ill. 1991) (concluding that the CFRA does not provide a private remedy). Accordingly, Plaintiff's claims against U.S. Bank based on the CFRA must be dismissed for failure to state a claim.

Similarly, Plaintiff's negligence claim against the Bank for disclosing her financial records to Defendant Schuster fails to state a claim. The Illinois economic loss doctrine, otherwise known as the *Moorman* doctrine, "bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 567 (7th Cir. 2012) (*citing Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443, 448 (Ill. 1982)). "[T]he application of the *Moorman* doctrine depends on whether the defendant's duty arose by operation of contract or existed independent of the contract." *Ward Chrysler Ctr., Inc. v. ADP Dealer Services, Inc.*, 2012 WL 3526757, *2 (S.D. Ill August 14, 2012) (citing *Wigod*, 673 F.3d at 567)). Here, to the extent that U.S. Bank owed a duty to Plaintiff, that duty arose solely from their contractual relationship based on the Account Agreement. As such, the *Moorman* doctrine prohibits Plaintiff's negligence claims against U.S. Bank.

Finally, U.S. Bank asserts that Plaintiff's breach of contract claim fails to state a claim because the unambiguous terms of the Agreement allowed it to act based on the apparent validity of the warrant. In the Third Amended Complaint, Plaintiff alleges that Defendant Schuster represented to U.S. Bank that the warrant was valid and the he had the authority to present the valid warrant (Doc. 80, ¶¶ 18, 20, 27). The Agreement clearly provides that U.S. Bank shall comply when served with "legal process of apparent validity." Therefore, Plaintiff's breach of contract claim against Defendant U.S. Bank is dismissed for failure to state a claim.

## Conclusion

Having fully considered Defendants' motions to dismiss, Count II of Plaintiff's Third Amended Complaint against Defendant Schuster is **DISMISSED with prejudice** and Counts III, IV and V of Plaintiff's Third Amended Complaint against Defendant U.S. Bank are **DISMISSED with prejudice**

**IT IS SO ORDERED.**

**DATED:  January 11, 2017**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**