IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH PERKINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-526-SMY-RJD |
| ) | |
| ILLINOIS STATE POLICE, ) | |
| JOHN SCHUSTER, in his Individual and ) | |
| Official Capacity, and ) | |
| U.S. BANK, an Out-of-State Corporation ) | |
| doing Business in the State of Illinois, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant John Schuster's Motion for Summary Judgment (Doc. 103). Plaintiff filed a response (Doc. 110). For the following reasons, the motion is **GRANTED**.

## Background

Defendant John Schuster is a former forfeiture agent and investigator for the Metropolitan Enforcement Group of Southwestern Illinois ("MEGSI") (Doc. 104-5, p. 45). MEGSI is the drug enforcement task force of the Illinois State Police ("ISP"). *Id*. Plaintiff Deborah Perkinson was the target of an ISP investigation into alleged criminal activity (*see* Doc. 80). In April 2013, an asset seizure warrant was served on U.S. Bank and 3 of Perkinson's bank accounts were frozen: Account 00740101000810; Account 2-523-0349-9872; and Account 152308460228 (Doc. 104-1). The accounts remained frozen until December 13, 2013 (*see* Doc. 83).

1

In May 2014, Perkinson was arrested and charged with conspiracy to commit money laundering and conspiracy to keep a place of prostitution. The lead prosecutor in the criminal case was Kate Lewis, an Assistant State's Attorney (Doc. 104-4, p. 19). In January 2015, Lewis requested that Schuster investigate whether any of Perkinson's bank accounts were frozen and, if so, what balances remained (Doc. 104-4, p. 22). Information regarding the status of Perkinson's bank accounts was important for ongoing plea negotiations. *Id*. As the prosecutor on the case, Lewis had the authority to direct Schuster to obtain the requested information (Doc. 104-4, p. 37). Lewis did not instruct Schuster to place a hold or freeze on Perkinson's accounts (Doc. 104-4, p. 25). A valid seizure warrant is needed in order to freeze a bank account (Doc. 104-4, pp. 25-26, 104-5, p. 54).

On January 14, 2015, Schuster went to the U.S. Bank branch located in Fairview Heights, Illinois and met with Lucas Statham, a U.S. Bank personal banker. *Id*. Schuster showed Statham his badge and the first page of a document entitled "Complaint for Seizure Warrant." (Doc. 104-5, pp. 53-57). During his deposition, Schuster testified that the document was not a warrant and did not have the same effect of a warrant (Doc. 104-5, pp. 54, 106). He also testified that he provided Statham the document because it listed the three accounts he was investigating – the accounts that had been the subject of the 2013 asset seizure warrant. *Id*. at pp. 54-56, 58. Schuster requested that Statham provide information regarding the status of the three accounts listed on the document. *Id*.

During his deposition, Statham testified that Schuster requested that he freeze the accounts (Doc. 110-7, p. 4). He informed Schuster that he did not have the authority to give him any information regarding the bank accounts, did not have the authority to freeze Perkinson's accounts and would forward Schuster's request to U.S. Bank's legal department (Doc. 110-7, pp.

4-5). Statham prepared a form entitled "Subpoena/Legal Request for Information" (Doc. 110-7, pp. 6-7). On the form, Statham wrote "special agent walked into the branch and delivered the seizure warrant". *Id*. He attached the one-page Complaint and Schuster's business card and forwarded the form to U.S. Bank's legal department. Statham testified that he did not read the Complaint, but assumed it was a seizure warrant (Doc. 110-7, p. 9). There is no evidence that Schuster reviewed the form prior to Statham sending it to the legal department.

In the following days, Schuster spoke with several other individuals from U.S. Bank including Shirley Koenig and Peggy Moore (Doc. 104-5, pp. 58, 61, 69). Schuster informed both that his request was to see the account activity and balances on the three accounts listed on the Complaint. *Id.* On January 22, 2015, U.S. Bank froze all of Perkinson's open accounts based on the form forwarded by Statham (Doc. 110-6). Schuster received a letter from Moore providing information on Perkinson's U.S. Bank accounts (Doc. 104-7). The letter indicated that the three accounts Schuster was investigating were closed. *Id*. Specifically, Accounts "7401000810" and "252303499872" were closed on May 9, 2014 and Account 152308460228 was closed on August 5, 2011 (Doc. 104-7). Perkinson's three open accounts remained frozen for seven days while U.S. Bank investigated (Doc. 110-6). Once the bank determined that the freeze was unnecessary, it lifted the restriction and restored Perkinson's accounts to good standing. *Id*.

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the

existence of a genuine issue must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

Section 1983 is not an independent source of tort liability – it is a means of vindicating rights secured elsewhere. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997). The statute creates a cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Id.* Since a § 1983 cause of action is against a "person," in order "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006) (citing *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* In other words, *some* causal connection or affirmative link between the action complained about and the official sued is necessary for recovery under Section 1983. *Gentry,* 65 F.3d at 561.

In the sole remaining Count of the Third Amended Complaint, Perkinson alleges that Schuster violated her Fourth Amendment rights by knowingly executing an invalid seizure warrant directing U.S. Bank to freeze her accounts. She maintains that genuine issues of material fact exist regarding whether Schuster had the authority to place a freeze on her accounts and whether Schuster directed or otherwise communicated to U.S. Bank personnel to freeze her accounts. Schuster asserts that he is entitled to summary judgment because (1) the document he

gave to U.S. Bank was clearly not a seizure warrant; (2) the three accounts that were the subject of his inquiry could not have been frozen because they were already closed; and (3) he had no personal involvement in U.S. Bank's decision to temporarily close Perkinson's open accounts.

Viewing the evidence in the light most favorable to Perkinson, Schuster is entitled to summary judgment. It is undisputed that Schuster never believed he had the authority to freeze Perkinson's accounts. Both Schuster and Lewis testified that in order to freeze a bank account, a valid seizure warrant is needed. Schuster further testified that the Complaint he presented to Statham was clearly not a seizure warrant. Lewis, as the prosecutor on the criminal case, had the authority to direct Schuster to obtain information regarding whether any of Perkinson's bank accounts were frozen and, if so, what balances remained.

It is also undisputed that Schuster presented Statham with a copy of the first page of a "Complaint for Warrant" – which is not a warrant and not legally valid to effect a seizure. Statham did not read the document, but mistakenly assumed it was a seizure warrant. That said, Statham explained to Schuster that he was not authorized to provide him with any information, was not authorized to freeze Perkinson's accounts and would forward the document to U.S. Bank's legal department. Thus, even if Schuster had directed Statham to freeze Perkinson's accounts, he did not do so. Moreover, there is no evidence that Schuster spoke with anyone from the Bank's legal department regarding the matter. Absent evidence that he deliberately misled someone in the legal department – he is not responsible for alleged errors committed by the Bank in freezing Perkinson's accounts.

Further, there is no evidence that Perkinson was damaged as a result of Schuster's conduct. The three accounts subject to Schuster's inquiry could not have been frozen as they were all closed before January 14, 2015. There is also no evidence that Schuster was aware of

Perkinson's other accounts or that he inquired about any accounts other than the three listed in the Complaint for Warrant.  Schuster can only be held liable for his personal involvement in causing Perkinson's claimed injuries, not for what U.S. Bank's legal department assumed or misunderstood.  Accordingly, Schuster's motion for summary judgment is granted.

As no claims remain, the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant John Schuster and against Plaintiff Deborah Perkinson and to close the case.

**IT IS SO ORDERED.**

**DATED:  August 14, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**