IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH PERKINSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-526-SMY-RJD |
| | ) |
| ILLINOIS STATE POLICE, | ) |
| JOHN SCHUSTER, in his Individual and | ) |
| Official Capacity, and | ) |
| U.S. BANK, an Out-of-State Corporation | ) |
| doing Business in the State of Illinois, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deborah Perkinson filed this action against Defendant John Schuster alleging violations of her Fourth Amendment rights. On August 14, 2017, the Court granted summary judgment in Schuster's favor on Plaintiff's claim that he violated her Fourth Amendment rights by knowingly executing an invalid seizure warrant directing U.S. Bank to freeze her accounts (Doc. 111). Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 113) in which Plaintiff seeks reconsideration of the Court's grant of summary judgment in favor of Defendant Schuster. For the reasons stated below, the motion is **DENIED**.

## DISCUSSION

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th

Cir. 2006)).  The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures."  *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996).  A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b).  *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

In support of her motion for reconsideration, Plaintiff simply re-asserts the allegations she previously made.  Specifically, Plaintiff asserts that "Schuster had no authority to direct U.S. Bank to freeze her accounts, that Schuster misled U.S. Bank to freeze her accounts, and that she suffered damages by Schuster's conduct when his actions resulted in the bank freezing accounts that were not even a part of the Complaint for Seizure Warrant" (*see* Doc. 113).

Plaintiff's motion falls short under the Rule 59(e) standard for relief.  A "manifest error" is not demonstrated by the disappointment of the losing party.  *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997).  Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Id.*

In the Order granting summary judgment, this Court found that Plaintiff failed to make a *prima facie* showing that Schuster violated her Fourth Amendment rights.  Despite Plaintiff's assertions, the Court maintains that there are no material issues of genuine fact.  Here, Plaintiff simply takes exception to the Court's analysis of the evidence and its ruling – merely rehashing

arguments previously rejected by the Court. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff also requests this Court to consider an e-mail sent to Plaintiff's Counsel by Trista Roy, a bank vice president in Minneapolis, which Counsel claims was "inadvertently" overlooked when Plaintiff responded to the summary judgment motion. In the e-mail, Roy states that "it is her understanding" that someone from the legal processing team spoke with Schuster who "directed the accounts to be frozen" (Doc. 114-2).

Generally, newly discovered evidence requires a showing by the moving party that it did not know and reasonably could not have discovered with reasonable diligence the evidence proffered. *Caisse Nationale de Credit Agricole,* 90 F.3d at 1269. This e-mail, sent to Plaintiff's Counsel in May 2015, is not "newly discovered." Moreover, it does not change the fact that the document presented by Schuster to the U.S. Bank branch was clearly not a seizure warrant. The Court finds that Plaintiff's arguments, advanced on summary judgment and now reasserted, do not create a material issue of fact as to whether Schuster violated her rights. Therefore, Plaintiff's Motion to Reconsider is denied.

**IT IS SO ORDERED.**

**DATED: January 22, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
